# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                      |   |                      |
|----------------------|---|----------------------|
| STATE OF DELAWARE    | ) |                      |
|                      | ) |                      |
|                      | ) |                      |
| v.                   | ) | I.D. No. 84001366DI  |
|                      | ) |                      |
| BENJAMIN CRUMP,      | ) |                      |
|                      | ) |                      |
| Defendant            | ) |                      |

Submitted: September 18, 2017
Decided: December 14, 2017

On Defendant's Second Motion for Postconviction Relief. **DENIED.**
On Defense Counsel's Motion to Withdraw. **GRANTED.**

# ORDER

Diana A. Dunn, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Patrick J. Collins, Esquire, Collins & Associates, Wilmington, Delaware, Attorney for Defendant.

COOCH, R.J.

This 14th day of December, 2017, upon consideration of Defendant's Motion for Postconviction Relief and Defense Counsel's Motion to Withdraw, it appears to the Court that:

1.  On June 19, 1984, Benjamin Crump ("Defendant") was found guilty after trial of Kidnapping First Degree and Rape First Degree.[1] Defendant appealed the conviction on November 26, 1984.[2] The Delaware Supreme Court affirmed the conviction on

---

[1] App. to Counsel for Def.'s Mot. To Withdraw at 2.
[2] *Id.* at 4.

1

September 6, 1985.[3] Defendant filed his first Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61[4] on March 31, 1988.[5] In his motion, Defendant challenged his trial counsel's assistance on the following grounds:

> 1) failure to move for a mistrial based upon the best evidence rule when a transcript of the victim's tape-recorded statement, with handwritten notations, was admitted into evidence, rather than the tape recording itself; 2) failure to locate and question an 11-year-old girl who was assertedly with the victim at the time of the attack; 3) failure to properly challenge the victim's assertion that she had been raped; 4) failure to introduce evidence that the FBI found a blood type different from the defendant's in the semen on the victim's clothing; 5) failure to consult an expert regarding the unreliability of hair analysis tests; and, finally, 6) insufficient pre-trial preparation.[6]

2. On October 18, 1988, this Court denied Defendant's Motion for Postconviction Relief.[7] The Delaware Supreme Court affirmed this Court's denial of Defendant's Motion for Postconviction Relief on August 21, 1989.[8]

3. In 1996, the "Innocence Project"[9] began advising Defendant and sought evidence from his trial.[10] The Innocence Project sought a stipulation to test evidence, which this Court granted.[11] On February 26, 2003, on behalf of the Innocence Project, Forensic Science Associates tested a comb that was used for pubic combings of the victim, from which DNA was extracted and

---

[3]*Crump v. State*, 505 A.2d 452 (Del. 1985).

[4] Del. Super. Ct. Crim. R. 61.

[5] App. to Counsel for Def.'s Mot. To Withdraw at 93-106.

[6] *State v. Crump*, 1988 WL 109381, at *1 (Del. Super. Ct. Oct. 18, 1988), *aff'd*, 567 A.2d 420 (Del. 1989).

[7] *Id.*

[8] *Crump*, 567 A.2d 420.

[9] Innocence Project, About, The Innocence Project—About Us, http:// www. innocenceproject. org/about/ ("The Innocence Project, founded in 1992 by Peter Neufeld and Barry Scheck at Cardozo School of Law, exonerates the wrongly convicted through DNA testing and reforms the criminal justice system to prevent future injustice.").

[10] App. to Counsel for Def.'s Mot. To Withdraw at 157.

[11] *Id.* at 159-163.

analyzed, [12] and compiled a report.[13] The analysis of the comb revealed spermatozoa, epithelial cells, and dermal cells.[14] On April 18, 2003 Forensic Science Associates submitted its second report in which DNA from an oral swab was compared to the DNA from the spermatozoa on the comb.[15] The report stated, "[t]hese findings fail to support [Defendant's] claims of factual innocence in the sexual assault of [victim]."

4.   On May 15, 2015, the United States Department of Justice ("USDOJ") sent a letter to Defendant regarding errors in the testimony of a Federal Bureau of Investigation Laboratory examiner ("the FBI Expert") who testified as an expert witness in Defendant's trial.[16] The FBI Expert testified at trial that pubic hair that was found on the victim's jacket was "microscopically matched" to Defendant's pubic hair.[17] The FBI Expert stated the same conclusion regarding a head hair found on the victim's hat.[18] On cross-examination, the FBI Expert admitted that hair "comparisons do not constitute a basis for positive personal identification."[19] USDOJ's letter stated that the FBI Expert's testimony "exceeded the limits of science and [was], therefore, invalid."[20]

5.   Defendant filed this second *pro se* Motion for Postconviction Relief on June 12, 2015.[21] This Court appointed counsel for Defendant on June 15, 2016.[22] On January 3, 2017 counsel for Defendant filed a Motion to Withdraw as Counsel, not having filed an Amended Second Motion for Postconviction Relief or otherwise endorsing the *pro se* motion.[23]

---

[12] *Id.*
[13] *Id.* at 167-212.
[14] *Id.* at 179.
[15] *Id.* at 217-19.
[16] *Id.* at 256.
[17] *Id.* at 39.
[18] *Id.* at 40.
[19] *Id.* at 48.
[20] *Id.* at 254.
[21] *Id.* at 11.
[22] *Id.* at 9.
[23] Counsel for Def.'s Mot. To Withdraw.

6.    As to his Motion for Postconviction Relief, Defendant's grounds for relief are set forth *in toto*:

> Scientifically unproven evidence permitted and ineffective assistance of counsel. The examiner of hair samples implied that the evidence could be associated with a specific individual (defendant) to the exclusion of all others. The testimony exceed[e]d the limit of the science. The examiner assigned to the positive association a statistical weight or probability or provided a likelihood that the questioned hair originated from a particular source, or an opinion as to the likelihood or rareness of the positive association that could lead the jury to believe that valid statistical weight can be assigned to a microscopic hair association. This testimony exceeded the limit of science. The hair examiner cites the number of cases or hair analyses worked in the lab and the number of samples from different individual[s] that could not be distinguished from one another as a predictive value to bolster the conclusion that a hair belonging to defendant. This type of testimony exceeds the limits of science. Trial counsel done nothing to contest the testimony. The above ground not raised as []result lacked expert to support my claim. See: Exhibits "A" and "B."[24]

7.    As to his Motion to Withdraw as Counsel, counsel for Defendant argues that although the FBI Expert's "testimony was a misrepresentation of the evidence and that it played a large part in [Defendant's] conviction[,]" and "the testimony was likely so important that it tainted the trial and undermine[d] the confidence in the outcome[,] . . . any prejudice to [Defendant] is cured by the identification of his DNA from spermatozoa found on the pubic comb of the victim."[25] As such, counsel for Defendant contends that he cannot ethically advance any postconviction claims regarding the improper hair analysis evidence."[26]

8.    Rule 61 is the remedy for defendants "in custody under a sentence of this court seeking to set aside the judgment of conviction . . . ."[27] This Court "must first consider the procedural requirements of Rule 61 before addressing any substantive

---

[24] App. to Counsel for Def.'s Mot. To Withdraw at 14.
[25] Counsel for Def.'s Mot. To Withdraw at 9.
[26] *Id.* at 10.
[27] Del. Super. Ct. Crim. R. 61.

issues."[28] The procedural "bars" of Rule 61 are: timeliness,[29] repetitiveness,[30] procedural default,[31] and former adjudication.[32] A motion is untimely if it is filed more than one year after the conviction is finalized or defendant asserts a new constitutional right that is retroactively applied more than one year after it is first recognized.[33] A motion is repetitive if it is a "second or subsequent motion."[34] If any of these bars apply, the movant must show entitlement to relief under Rule 61(i)(5).[35] The contentions in a Rule 61 motion must be considered on a "claim-by-claim" basis.[36]

9. In order for the Court to consider repetitive[37] postconviction motions, the motion must either

    (i)    plead[] with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) plead[] with particularity a claim that a new rule of constitutional law, made retroactive . . . applies to the movant's case and renders the conviction . . . invalid.[38]

10. First, Defendant's Motion for Postconviction Relief is procedurally barred because it is untimely pursuant to Del. Super. Ct. Crim. R. 61(i)(1). Because more than one year has passed between September 6, 1985, when Defendant's conviction was finalized, and June 12, 2015, when Defendant

---

[28] *State v. Stanford*, 2017 WL 2484588, at *2 (Del. Super. Ct. June 7, 2017) (quoting *Bradley v. State*, 135 A.3d 748, 756 (Del. 2016)).
[29] *Id.* at 2 (citing Del. Super. Ct. Crim. R. 61(i)(1)).
[30] *Id.* at 2 (citing Del. Super. Ct. Crim. R. 61(i)(2)).
[31] *Id.* at 2 (citing Del. Super. Ct. Crim. R. 61(i)(3)).
[32] *Id.* at 2 (citing Del. Super. Ct. Crim. R. 61(i)(4)).
[33] Del. Super. Ct. Crim. R. 61(i)(1).
[34] Del. Super. Ct. Crim. R. 61(i)(2).
[35] *Stanford*, WL 2484588, at *2.
[36] *State v. Reyes*, 155 A.3d 331, 342 n.15 (Del. 2017) (holding that "Rule 61 analysis should proceed claim-by-claim, as indicated by the language of the rule.").
[37] Del. Super. Ct. Crim. R. 61(i)(2).
[38] Del. Super. Ct. Crim. R. 61(d)(1)-(2).

brought his postconviction motion, his postconviction motion is barred as untimely.

11. Second, as this motion is Defendant's second motion for postconviction relief, each of Defendant's two grounds for relief is procedurally barred as repetitive pursuant to Del. Super. Ct. Crim. R. 61(i)(2). Moreover, neither exception to successive motions applies here as Defendant fails to plead with particularity that new evidence exists or that a new constitutional rule applies retroactively. Although the USDOJ letter alleging the FBI Expert's erroneous testimony may be new evidence under Del. Super. Ct. Crim. R. 61(d)(2)(i), the evidence does not create a "strong inference that [Defendant] is actually innocent in fact" because the spermatozoa that was recovered on the pubic comb positively identifies Defendant as the contributor of the DNA. Because this motion was filed more than a year after Defendant's judgment of conviction was final and because this is Defendant's second motion for postconviction relief, it is procedurally barred as a matter of law. Therefore, Defendant's Motion for Postconviction relief is denied.

12. Moreover, as to counsel for Defendant's Motion to Withdraw as Counsel, this Court finds that counsel may withdraw as a matter of law pursuant to Del. Super. Ct. Crim. R. 61(e)(7). "If counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw."[39] Counsel for the Defendant's argument that "any prejudice to [Defendant] is cured by the identification of his DNA from spermatozoa found on the pubic comb of the victim[]"[40] provides an adequate "factual and legal basis for counsel's opinion"[41] that counsel "cannot ethically advance any postconviction claims regarding the improper hair analysis evidence[]"[42] of the FBI Expert.

---

[39] Del. Super. Ct. Crim. R. 61(e)(7).
[40] Counsel for Def.'s Mot. To Withdraw at 9.
[41] Del. Super. Ct. Crim. R. 61(e)(7).
[42] Counsel for Def.'s Mot. To Withdraw at 10.

6

13. Defendant's argument that "there would be 'a different result upon retrial[]'"[43] concerning the FBI Expert's testimony is not compelling because a retrial would presumably lead to a positive DNA identification by way of the spermatozoa found on the pubic comb of the victim. Thus, the outcome of the retrial would be no different. The issues of the FBI Expert's testimony and any potential DNA contamination as argued by Defendant would not lead to a different outcome if retried. Counsel for Defendant adequately illustrates that he cannot ethically advance Defendant's case because he "is not aware of any substantial ground for relief available to" Defendant.[44] As such, counsel for Defendant's Motion to Withdraw as Counsel is granted.

Therefore, Defendant's Motion for Postconviction Relief is **DENIED.** Defense Counsel's Motion to Withdraw is **GRANTED.**

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc: Prothonotary
Investigative Services

---

[43] Def.'s Opp'n to Counsel for Def.'s Mot. To Withdraw at 2; Def.'s Reply to State's Resp. at 2.
[44] Del. Super. Ct. Crim. R. 61(e)(7).

7